█ IRVING ELLENTUCK et al., Appellants, v. JOSEPH STEIN, as Commissioner of Buildings of the City of New York, et al., Respondents.— In an action by owners and residents of real property adjoining or near real property owned by defendant Kimball Construction Co., Inc., for a judgment (1) declaring said defendant's proposed alteration of its building from a single-family to a multiple dwelling to be a violation of the zoning resolution of the City of New York, (2) vacating the permit for the alteration and (3) enjoining the alteration, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered July 2, 1973, in favor of defendants, dismissing the complaint, after a nonjury trial. Judgment reversed, on the law and the facts, with costs to appellants against defendant Kimball Construction Co., Inc.; it is adjudged that the permit is null and void and that the proposed alteration is illegal; the permit is vacated; and defendant Kimball Construction Co., Inc., is permanently enjoined from further construction under the permit and from altering the building to a Class A multiple dwelling. The subject frame premises, 131–16 Rockaway Beach Boulevard, Belle Harbor, Queens, was originally constructed in 1908. In 1946 the Department of Housing and Buildings of the City of New York marked its records as follows: " Accept as a Class B Heretofore Converted Dwelling * * * I [Chief Inspector, Queens Housing] hereby direct that the above premises be registered * * * as a Class B multiple dwelling (rooming house)". In 1950, the Sisters of Reparation of Mary, Inc., a membership corporation organized for religious and charitable purposes, acquired the premises. Thereafter, under a 1950 permit, Sisters made certain alterations. We find the evidence inconclusive as to plaintiffs' claims that between 1946 and 1950 there was an illegal addition of five furnished basement rooms, that the alterations under the 1950 permit were illegal and that by virtue thereof the continued occupancy as a Class B multiple dwelling became illegal. However, we find the evidence overwhelming (e.g., Sisters' testimony, tax exemptions, combustible permit fee exemptions, 1968–1969 telephone directory, other documents, etc.) that from approximately 1951 to 1972 the Sisters operated the premises as a convent and, on a charitable nonprofit basis, primarily as a home for homeless and/or aged women. This usage is a conforming usage under R-2 classification (detached residences) imposed by the zoning ordinance

resolution that became effective in December, 1961. In June, 1972 defendant Kimball acquired the premises and thereafter obtained a permit to alter them into a Class A multiple dwelling, with 14 apartments plus an apartment for a superintendent. Although conversion from one *lawful* nonconforming use to another nonconforming use was authorized by law, we find that the evidence clearly established that the Class B classification was clearly abandoned by the Sisters' conforming usage from 1952 until the 1972 transfer to Kimball and that, in any event, in view of the character of the neighborhood, the nature of the conversion, and the dismal assessment of the conversion by Borough Superintendent Sigman of the Department of Buildings of the City of New York, on December 8, 1972, the 1972 alteration permit permitting the conversion should not have been granted. Hopkins, Acting P. J., Martuscello, Latham, Christ and Brennan, JJ., concur.