■ IRVING ELLENTUCK et al., Petitioners, v JOSEPH B. KLEIN et al., Constituting the Board of Standards and Appeals of the City of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York, made on March 25, 1975, after a hearing, which granted the application of respondent Kimball Construction Co., Inc., for a variance permitting the maintenance of an existing four-story frame building as a multiple dwelling in an R-2 district, upon stated conditions. Determination confirmed and proceeding dismissed on the merits, with one bill of costs to respondent Kimball payable by petitioners. Expenditures made in good faith reliance on a subsequently invalidated permit may be properly considered on an application for a variance on the ground of hardship (Matter of Jayne Estates v Raynor, 22 NY2d 417). The Board of Standards and Appeals found that respondent Kimball Construction Co., Inc., was entitled to relief "on the grounds of practical difficulty and/or unnecessary hardship." In view of the fact that Kimball had made vast expenditures in good faith reliance on the previously issued alteration permit, we agree with the assertion in the board's answer that the denial of a variance would "inflict a devastating financial blow." This court's earlier decision (Ellentuck v Stein, 44 AD2d 714) related solely to the propriety of the issuance of the alteration permit. It did not foreclose consideration of the more expansive issues relevant to a variance application before the Board of Standards and Appeals. The fact that some of the issues before the board were discussed on an arguendo basis in this court's prior decision did not preclude the board's intensive consideration of those factors, based upon additional evidence (including a personal inspection of the premises and neighborhood), and its conclusion that those factors were not as "dismal" as they had appeared to be in the earlier proceeding (relating to license issuance), and, further, that they were outweighed by the elements of hardship. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.

■ PAUL GIORDANO, JR., et al., Respondents, v SAMUEL ELMAN, Defendant, and THOMAS ALTIERI, et al., Appellants. (And Another Title.)—The respective attorneys for the parties to this appeal from a judgment of the Supreme Court, Queens County, entered December 5, 1975, have agreed, after a conference held before Hon. Harry Gittleson on January 21, 1976, that the said judgment be modified by reducing the total amount of the recovery to the sum of $23,500, payable only to the infant plaintiff through his natural guardian, plaintiff Paul Giordano, Sr., only by defendant Nancy Altieri. The stipulation signed by the attorneys on January 21, 1976 was confirmed by a letter from plaintiffs' attorneys on February 18, 1976, which letter, inter alia, states, "a judgment is now had as against Nancy Altieri alone in the amount of $23,500." In accordance with the foregoing, the judgment is modified as so provided, without costs or disbursements. Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.