■ SERGE RAMEAU, Respondent, v LEVESTER CANNON, as Director of the Bronx Borough Developmental Services Branch of the New York State Office of Mental Retardation and Developmental Disabilities, Appellant.—Judgment (denominated order), Supreme Court, Bronx County (Barry Salman, J.), entered December 30, 1987, annulling the determination terminating petitioner's employment and ordering his reinstatement as a nonprobationary social work assistant III with the Bronx Borough Developmental Services with full back pay, unanimously reversed, on the law, without costs or disbursements, and the matter remanded to the Supreme Court, Bronx County, for a good-faith hearing not inconsistent herewith.

On this record, it was error to annul respondent's determination terminating petitioner's services as a case manager with the Bronx Borough Developmental Services, a division of the New York State Office of Mental Retardation and Developmental Disabilities (OMRDD), and directing his reinstatement. While the record contains substantial evidence that petitioner's performance was marginal, at best, and that his termination as a probationer was based solely on poor performance, there is also an indication that his termination may have been the culmination of an effort to silence his "whistleblowing"

activities. In that regard, at least two of petitioner's charges were substantiated by OMRDD's Office of Internal Affairs after investigation. Petitioner claims that when he brought these charges to the attention of his supervisor he was told to follow the "code of silence". After mixed reports as to this performance, petitioner's services were terminated one day before his one-year probationary period was to expire. In such circumstances, we believe that sufficient has been shown to warrant a judicial hearing on respondent's good faith in terminating petitioner's services and we remand the matter to the Supreme Court for such purpose. Concur—Sandler, Sullivan, Kassal and Wallach, JJ.

Kupferman, J. P., concurs in a memorandum as follows: While I concur that a good-faith hearing is required, I differ with the analysis as to the state of the record. There is substantial evidence that the petitioner was terminated because of his whistleblowing proclivities and that, after finding his work satisfactory, there was a decided attempt to downgrade it to accommodate a termination.