■ MARY MOORE, Appellant, v COUNTY OF ROCKLAND et al., Respondents. [596 NYS2d 908] —Mikoll, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Lefkowitz, J.), entered December 3, 1991 in Rockland County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff, an employee of the Rockland County Veterans Service Agency (hereinafter VSA) since November 1973, was appointed director of the VSA in November 1981 by the County Legislature. She was reappointed to a four-year term by the County Legislature in 1983. There was a change in the Rockland County form of government in 1986 and in 1988 defendant County Executive reappointed her as director of the VSA. Under Executive Law § 357, the director of the VSA served at the pleasure of the County Executive but had the

power to appoint assistants and employees who served at the director's pleasure (see, Executive Law § 357 [1]).

Friction developed in the employment relationship between plaintiff, the County Executive and other County officials from October 1987 through June 1990, including an ongoing feud between plaintiff and the County Executive over the employment of defendant Gerald Donnellan as a veterans counselor. Plaintiff disciplined Donnellan several times contrary to the County Executive's directives. In June 1990, the County Executive allegedly fired plaintiff for insubordination.

Plaintiff then commenced this action alleging seven causes of action, claiming that defendants (1) conspired to unlawfully discharge plaintiff, cause her mental distress, defraud her and violate State law, (2) defrauded her, (3) denied her a hearing in violation of Civil Service Law § 75, (4) intentionally inflicted emotional distress on her, (5) terminated her employment in violation of Civil Service Law § 75-b, (6) violated a provision of the Administrative Code of Rockland County requiring the County Executive to notify the County Legislature of plaintiff's termination, and (7) violated plaintiff's Federal constitutional rights under 42 USC § 1983. Defendants' motion to dismiss the complaint for failure to state a cause of action or, in the alternative, for summary judgment was granted and the complaint dismissed by Supreme Court. This appeal by plaintiff ensued.

Supreme Court did not err in dismissing plaintiff's complaint. The order of Supreme Court therefore should be affirmed. Supreme Court properly dismissed plaintiff's causes of action for conspiracy, fraud and intentional infliction of emotional distress because plaintiff was an employee at will and there is no allegation that there was any express limitation on the County Executive's right to terminate her (see, Murphy v American Home Prods. Corp., 58 NY2d 293, 300-301; Novinger v Eden Park Health Servs., 167 AD2d 590, lv denied 77 NY2d 810). Under Executive Law § 357 (1), plaintiff served at the pleasure of the County Executive. Absent a contractual constitutional or statutory limitation on the County Executive's power, her employment as director could be terminated at any time (see, Murphy v American Home Prods. Corp., supra; see also, Connolly v Macklowe Real Estate Co., 161 AD2d 520, 522).

Plaintiff's first cause of action, couched in terms of conspiracy, states, in reality, no more than a claim for wrongful discharge and is merely an attempt to evade the fact that

there is no cause of action for the wrongful discharge of an at-will employee unless certain exceptions are shown to exist, none of which are present here *(see, Murphy v American Home Prods. Corp., supra,* at 300-302; *see also, Wieder v Skala,* 80 NY2d 628).

Plaintiff cannot rely on an estoppel theory, as estoppel requires plaintiff's reasonable reliance upon a representation or act evincing defendants' position *(see, e.g., Triple Cities Constr. Co. v Maryland Cas. Co.,* 4 NY2d 443, 448), which plaintiff has not demonstrated existed here, especially in light of the provisions of Executive Law § 357 (1).

Plaintiff's cause of action for fraud lacks the required specificity as to the misrepresentation allegedly made by defendants *(see,* CPLR 3016 [b]; *see also, Monaco v Saint Mary's Hosp.,* 184 AD2d 985). Moreover, as plaintiff was an employee at will, she is unable to demonstrate that she reasonably relied on any misrepresentations *(see, Bower v Atlis Sys.,* 182 AD2d 951, 953, *lv denied* 80 NY2d 758).

Plaintiff's cause of action for intentional infliction of emotional distress fails for lack of any allegation of defendants' extreme or outrageous conduct that could be characterized as " 'utterly intolerable in a civilized community' " *(Murphy v American Home Prods. Corp., supra,* at 303, quoting Restatement [Second] of Torts § 46 [1], comment *d; see also, Methe v General Elec. Co.,* 150 AD2d 853, *lv dismissed* 74 NY2d 842; *Vardi v Mutual Life Ins. Co.,* 136 AD2d 453, 456). Additionally, plaintiff may not evade the at-will contract rule by merely asserting her claim for wrongful discharge under the guise of a claim for intentional infliction of emotional distress *(see, Murphy v American Home Prods. Corp., supra,* at 303).

Plaintiff's argument that her notice of claim sufficiently identified her causes of action for conspiracy, intentional infliction of emotional distress and violation of Rockland County law fails, as a claimant may not raise in the complaint causes of action or legal theories that were not directly or indirectly mentioned in the notice of claim and that change the nature of the earlier claim or assert a new one *(see, Wanczawski v City of New York,* 186 AD2d 397; *Mazzilli v City of New York,* 154 AD2d 355, 357; *Demorcy v City of New York,* 137 AD2d 650, 650-651). Here, the notice of claim fails to state intentional emotional distress as part of the nature of the claim and did not give adequate information to alert defendants to investigate the cause of action; it is therefore barred *(see, Wanczawski v City of New York, supra; Mojica v*

*New York City Tr. Auth.,* 117 AD2d 722; *cf., DeLeonibus v Scognamillo,* 183 AD2d 697).

The notice of claim likewise failed to specify which provision of the Rockland County Charter was violated and consequently did not sufficiently identify a cause of action for violation of any Rockland County law. Further, the latter cause of action asserts a violation of Administrative Code of Rockland County § 5-32E, while the notice of claim mentions only the County Charter. Thus, defendants were not given sufficient notice of the alleged Administrative Code violation to enable them to investigate the claim.

The conspiracy claim for wrongful discharge in the complaint was not sufficiently identified in the notice of claim in that the wrongful discharge therein was stated to be in violation of certain statutes, the County Charter and the Federal Due Process Clause, while the wrongful discharge in the cause of action for conspiracy alleged in the complaint was based primarily on common-law wrongful discharge. The notice was therefore deficient in this respect.

Plaintiff's cause of action based on defendants' alleged violation of Civil Service Law § 75-b was properly dismissed, not because the complaint was facially deficient for failing to state the particular law, rule or regulation violated, as Supreme Court found, but rather because of plaintiff's testimony given at the General Municipal Law § 50-h hearing. That testimony met defendants' burden of demonstrating a prima facie entitlement to summary judgment *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). The testimony showed that plaintiff never reported actions that she reasonably believed established improper governmental action, necessary for a Civil Service Law § 75-b cause of action *(see,* Civil Service Law § 75-b [2] [a]; *Matter of Plante v Buono,* 172 AD2d 81, 85-86, *lv denied* 79 NY2d 756). Moreover, as Civil Service Law § 75-b applies only to retaliatory discharges by public employers, not to actions by fellow public employees *(see,* Civil Service Law § 75-b [2] [a]), the cause of action for violation of Civil Service Law § 75-b may not be maintained against the individual defendants.

Plaintiff's cause of action based on violations of 42 USC § 1983 relating to gender and 1st Amendment discrimination claims was properly dismissed. As to her gender discrimination claim, plaintiff failed to present sufficient admissible proof to rebut defendants' prima facie showing of their entitlement to summary judgment *(see, Alvarez v Prospect Hosp., supra; see also, Heffernan v Colonie Country Club,* 160 AD2d

1062, 1063). Plaintiff's 1st Amendment claim was also properly dismissed *(see, Elrod v Burns,* 427 US 347, 367-368). Plaintiff, as director of the VSA, was a government official in a policy-making position, had discretion in her job functions and was responsible for dissemination of information to the public relating to an outreach program *(see, Savage v Gorski,* 850 F2d 64, 68-69).

Finally, we reject defendants' alternative argument that Supreme Court's dismissal of plaintiff's conspiracy and intentional infliction of emotional distress claims was proper because they were not commenced within the one year and 90-day limitation period set forth in General Municipal Law § 50-i (1) and are therefore time barred. These two causes of action did not arise until plaintiff's termination, when all the elements of her cause of action for each claim had been satisfied *(see, e.g., Vitale v Hagan,* 132 AD2d 468, 469, *mod on other grounds* 71 NY2d 955). The summons was served on June 20, 1991, well within the allotted time.

We have examined plaintiff's other arguments for reversal and find them to be without merit.

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.