JOHN BAL, Appellant, v CITY OF NEW YORK et al., Respondents. [698 NYS2d 852] —Order, Supreme Court, New York County (Louis York, J.), entered on or about March 5, 1998, which, to the extent appealed from as limited by the brief, denied plaintiff's motion for summary judgment on his first cause of action, and, upon the grant of defendants' cross motion to renew their prior motion for dismissal of the complaint on grounds of failure to state a cause of action and res judicata, or alternatively, for summary judgment, granted defendants' motion to the extent of dismissing the first cause of action against defendant City and the individual defendants in their individual capacities, and dismissing the second, third, and sixth causes of action, unanimously modified, on the law, to grant defendants' motion to the further extent of dismissing plaintiff's remaining causes, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

We agree with defendants that plaintiff did not "disclose[ ] to a governmental body" information respecting what he reasonably believed was an improper governmental action (Civil Service Law § 75-b [2] [a] [ii]) merely by reporting alleged mistreatment of staffers to the very supervisor allegedly guilty of the mistreatment, or by reporting the mistreatment to the allegedly mistreated subordinates. Since plaintiff is not currently a provisional employee, he has no standing to seek to compel defendants to hold a Civil Service Law § 65 examination (*cf., Pollock v Crosson,* 153 Misc 2d 419, 421, *affd* 203 AD2d 466). We agree with the motion court that plaintiff's due process claims are barred by the doctrine of res judicata (*see, e.g., Matter of Kraebel v New York City Dept. of Fin.,* 217 AD2d 416, 417, *appeal dismissed* 86 NY2d 835, *cert denied* 516 US 1146), since the same claims have already been adjudicated on the merits in plaintiff's Federal suit (*see, Bal v City of New York,* 1995 US Dist LEXIS 1359, 1995 WL 46700 [SD NY, Feb. 7, 1995, Martin, J.]). Although plaintiff is a military veteran, he was not entitled to the protection of Civil Service Law § 75 since he was not employed within the "classified service" within the meaning of that enactment (*see, Matter of Ause v Regan,* 59 AD2d 317, 323). Concur—Williams, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.