■ In the Matter of GEORGE PANTELIDIS, Respondent, v NEW YORK CITY BOARD OF STANDARDS AND APPEALS et al., Appellants, and JOSEPH E. SHEEHAN et al., Intervenors-Appellants. [786 NYS2d 510]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 5, 2003, which, in a proceeding pursuant to CPLR article 78, inter alia, granted the petition to annul a resolution of respondent New York City Board of Standards and Appeals (BSA), dated January 15, 2003, denying petitioner's application for a variance to the extent of directing a hearing upon the issue of whether petitioner in erecting the disputed structure acted in "good faith reliance" on the application, plans and permit approved by respondent New York City Department of Buildings (DOB), and order, same court and Justice, entered September 23, 2003, which, to the extent appealable, denied the Sheehan respondents' motion to renew, unanimously affirmed, without costs.

Consideration of whether petitioner acted in good-faith reliance on a then-valid DOB permit in constructing a glass-enclosed stairwell at the rear of his building was relevant to determining if petitioner was entitled to a variance to allow the structure notwithstanding the postconstruction revocation of the building permit (*see Matter of Jayne Estates, Inc. v Raynor*, 22 NY2d 417 [1968]; *Ellentuck v Klein*, 51 AD2d 964 [1976], *appeal dismissed* 39 NY2d 743 [1976], *lv denied* 39 NY2d 707 [1976]). Contrary to the arguments of intervenors-respondents, BSA was not, based upon its resolution revoking the DOB permit on the ground, inter alia, that the subject structure did

not meet the definition of a "greenhouse" as set forth in New York City Zoning Resolution § 23-44 (b), excused from inquiring into the circumstances in which petitioner obtained the DOB permit and making factual findings as whether petitioner, in constructing the disputed stairwell, relied in good faith on the DOB permit. Although a court, in the course of deciding a prior proceeding pursuant to CPLR article 78 challenging BSA's revocation of petitioner's building permit, stated that revocation was warranted because petitioner had described the stairwell as a "greenhouse" to deceive DOB, this was dicta, unsupported by any factual inquiry as to petitioner's actual motivation, and was properly rejected as a basis for estopping petitioner from subsequently litigating the "good faith" issue in the context of his variance application (*see Gilberg v Barbieri*, 53 NY2d 285 [1981]). Similarly, petitioner's sworn statement in prior proceedings, in which he repeated the dicta concerning the "greenhouse" description to avoid dismissal of his third-party complaint against his architect, did not constitute an admission that he lacked good faith.

Contrary to BSA's contention, the court was not required to remand the good-faith issue for its determination. A court is specifically commanded to conduct a trial "forthwith" when a factual issue is raised in an article 78 proceeding before it (CPLR 7804 [h]; *see Matter of Church of Scientology v Tax Commn.*, 120 AD2d 376, 380 [1986], *appeal dismissed* 68 NY2d 807 [1986]), and the court's retention of the issue in this case was particularly appropriate in light of BSA's pointed resolve, in determining petitioner's variance application, not to consider it. Concur—Tom, J.P., Saxe, Lerner, Marlow and Gonzalez, JJ.