■ JOHN TIPALDO, Appellant, v CHRISTOPHER LYNN et al., Respondents. [851 NYS2d 564]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 31, 2006, which, in this action commenced by plaintiff city employee pursuant to Civil Service Law § 75-b, the "whistleblowers' statute," granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, the motion denied, the cross motion granted, and the matter remanded for a determination of damages.

The motion court improperly dismissed this action, where plaintiff seeks reinstatement and compensation for retaliatory action taken by his employer, on the basis that plaintiff failed to comply with the statutory preconditions of Civil Service Law § 75-b. There is no dispute that retaliatory actions were taken against plaintiff, and although a cause of action pursuant to the

subject statute requires plaintiff to have first reported the alleged violation to the internal Department of Transportation "appointing authority" (Civil Service Law § 2 [9]), here, that was defendants Commissioner and First Deputy Commissioner. Because these were the individuals plaintiff alleged had improperly procured signs in connection with a traffic reconfiguration project, reporting the violation to them would have been futile. Under the circumstances presented, plaintiff's good faith efforts in the manner and timing of his reporting, first informally to his immediate supervisors, and then soon thereafter to the Department of Investigation, satisfactorily met the requirements of Civil Service Law § 75-b (2) (*see Matter of McDonnell v Lancaster*, 13 Misc 3d 959, 965-966 [2006]; *and compare Brohman v New York Convention Ctr. Operating Corp.*, 293 AD2d 299 [2002]). Concur—Lippman, P.J., Friedman, Williams and Acosta, JJ.