■ JAMES HASTIE, Appellant, v STATE UNIVERSITY OF NEW YORK (SUNY) COLLEGE OF AGRICULTURE & TECHNOLOGY AT MORRISVILLE, Also Known as MORRISVILLE STATE COLLEGE, Respondent. [902 NYS2d 239]—

Spain, J. Appeal from an order of the Supreme Court (Cerio, Jr., J.), entered November 9, 2009 in Madison County, which granted defendant's motion to dismiss the complaint.

Plaintiff was employed by defendant and, as part of his job duties, oversaw defendant's development program and fundraising efforts. In the course of that work, plaintiff received an Internal Revenue Service tax form (IRS form 8283) prepared by a third party concerning property donated to defendant; the form required an acknowledgment from defendant that it had received the property. Plaintiff became concerned about the veracity of statements regarding the property's appraised value and took his concerns to defendant's president and its vice-president for administrative services, both of whom directed him to sign the form. He refused to do so and his employment was terminated shortly thereafter. Plaintiff then commenced this action and asserted—as his sole cause of action—a retaliatory discharge claim under Civil Service Law § 75-b (the whistleblower statute). Defendant successfully moved to dismiss the complaint, and plaintiff now appeals.

Accepting the allegations in the complaint as true, as we must on a motion to dismiss, we nevertheless affirm (*see Lazic v Currier,* 69 AD3d 1213, 1213-1214 [2010]). Adverse employment action may not be taken against a public employee based upon his or her disclosure of information to specified entities "which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action" (Civil Service Law § 75-b [2] [a] [ii]; *see* Civil Service Law § 75-b [2] [b]; *Brohman v New York Convention Ctr. Operating Corp.,* 293

AD2d 299, 299-300 [2002]). Improper governmental action consists of an illegal "action by a public employer or employee, or an agent of such employer or employee, which is undertaken in the performance of such agent's official duties" (Civil Service Law § 75-b [2] [a]). As a result, the only potentially improper governmental action here is not the submission of the allegedly flawed tax form by a third party but, rather, the directives from the alleged wrongdoers, defendant's president and vice-president, that plaintiff sign the receipt section of the form. It is undisputed that plaintiff made no effort to report those assertedly improper directives to any person or entity other than the alleged wrongdoers and, as such, he did not make the notification efforts which are a procedural prerequisite to invoke the protections of the statute (see Civil Service Law § 75-b [2] [b]; see also Matter of Garrity v University at Albany, 301 AD2d 1015, 1017 [2003]; Brohman v New York Convention Ctr. Operating Corp., 293 AD2d at 299-300; Bal v City of New York, 266 AD2d 79 [1999]; Moore v County of Rockland, 192 AD2d 1021, 1024 [1993]; cf. Tipaldo v Lynn, 48 AD3d 361, 362 [2008]).

Mercure, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.