# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**618**
**CA 13-02013**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

MARVIN ZIELONKA, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

TOWN OF SARDINIA, TOWN COUNCIL OF TOWN OF
SARDINIA AND TOWN OF SARDINIA TOWN SUPERVISOR,
DEFENDANTS-APPELLANTS.

---

WEBSTER SZANYI LLP, BUFFALO (JEREMY A. COLBY OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

HODGSON RUSS LLP, BUFFALO (PATRICK J. HINES OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Michael L. D'Amico, A.J.), entered October 9, 2013. The order denied the motion of defendants to dismiss the complaint and/or for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part, dismissing the complaint in its entirety against defendants Town Council of Town of Sardinia and Town of Sardinia Town Supervisor and dismissing the second cause of action against defendant Town of Sardinia, and as modified the order is affirmed without costs.

Memorandum: Plaintiff was employed as code enforcement officer for defendant Town of Sardinia (Town) until his termination by defendant Town Council of Town of Sardinia (Council). Following his termination, plaintiff commenced this action against the Town, the Council, and defendant Town of Sardinia Town Supervisor (Supervisor) under Civil Service Law § 75-b, the public employees' whistleblower statute, alleging, inter alia, that his "termination was in retaliation for his refusal to perform" unauthorized functions and for his "act[ing] as a whistle-blower in reporting" those unauthorized directives "to the Town's outside attorney and others." Supreme Court denied defendants' pre-answer "motion to dismiss and/or for summary judgment," and defendants appeal.

We agree with defendants that the court erred in denying their motion insofar as it sought dismissal of the complaint against the Council and the Supervisor, and we therefore modify the order accordingly. Civil Service Law § 75-b protects a "public employee" from discharge or discipline by a "public employer" (§ 75-b [2] [a]). The statute applies only to governmental entities that actually employ the plaintiff (*see* § 75-b [1] [a]; *Frank v State of N.Y., Off. of Mental Retardation & Dev.*

*Disabilities*, 86 AD3d 183, 188; *Moore v County of Rockland*, 192 AD2d 1021, 1024).  Furthermore, the Town cannot be held liable for punitive damages absent an express provision in the statute (*see Krohn v New York City Police Dept.*, 2 NY3d 329, 335-336; *Drisdom v Niagara Falls Mem. Med. Ctr.*, 53 AD3d 1142, 1142).  We therefore further modify the order by granting that part of the motion seeking dismissal of the second cause of action against the Town.

We reject defendants' contention, however, that the court erred insofar as it denied their motion to dismiss the first cause of action against the Town for failure to state a cause of action.  The public employees' whistleblower statute prevents a public employer from, inter alia, terminating a public employee "because the employee discloses to a governmental body information . . . which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action" (Civil Service Law § 75-b [2] [a]).  The term "improper governmental action" refers to "any action by a public employer or employee, or an agent" thereof, "which is undertaken in the performance of [his or her] official duties . . . and which is in violation of any federal, state, or local law, rule or regulation" (§ 75-b [2] [a]).  The list of governmental bodies to which disclosure may be made includes, as relevant herein, a member of a town's legislature (*see* § 75-b [1] [c] [iii]).  In addition, the statute requires that the employee, prior to disclosing the information, must have "made a good faith effort to provide the appointing authority or his or her designee the information to be disclosed and . . . provide[d] the appointing authority or designee a reasonable time to take appropriate action" (§ 75-b [2] [b]).  The term "appointing authority" refers to "the officer, commission or body having the power of appointment to subordinate positions" (§ 2 [9]), which in this case is the Supervisor and the Council.

We conclude that plaintiff adequately alleged that he reasonably believed that he had been directed to perform an unlawful act.  Civil Service Law § 75-b does not require an actual violation of the law for a subsequent action to be maintained thereunder (*see Bordell v Gen. Elec. Co.*, 88 NY2d 869, 871; *Barker v Peconic Landing at Southold, Inc.*, 885 F Supp 2d 564, 570; *see also* Labor Law § 740).  Plaintiff need have had only "a reasonable belief of a possible violation" of the law (*Bordell*, 88 NY2d at 871; *see* § 75-b [2] [a] [ii]).  Here, plaintiff alleged, inter alia, that he "could not legally" issue a stop work order to a developer working on a project, as he had been directed by the Supervisor, because "the developer had all of the necessary permits," and defendant's submissions do not conclusively establish that the developer lacked the necessary permits (*see generally Gibraltar Steel Corp. v Gibraltar Metal Processing*, 19 AD3d 1141, 1142).  Construing the complaint liberally (*see Youssef v Triborough Bridge & Tunnel Auth.*, 24 AD3d 661, 661; *see also* CPLR 3026), and accepting plaintiff's factual allegations and all possible favorable inferences as true (*see Leon v Martinez*, 84 NY2d 83, 87-88), we conclude that plaintiff adequately alleged that he believed that he had been ordered to commit an unlawful act and that his belief was reasonable.

We reject defendants' contention that plaintiff's purported act of

insubordination for failing to carry out the allegedly unlawful directive constitutes a " 'separate and independent basis' " for the termination (*cf. Rigle v County of Onondaga*, 267 AD2d 1088, 1089, *lv denied* 94 NY2d 764), inasmuch as the purported act of insubordination related directly to plaintiff's act of disclosure.  We further conclude that plaintiff adequately alleged that he made a good faith effort to inform either the Council or the Supervisor (*see generally Brohman v New York Convention Ctr. Operating Corp.*, 293 AD2d 299, 299-300), prior to disclosure to a governmental body (*see* Civil Service Law § 75-b [2] [a], [b]).  Plaintiff averred in his affidavit that he disclosed allegedly unlawful directives to the Supervisor and to at least one person who qualifies as a member of a governmental body, i.e., a Town Councilman (*see* § 75-b [1] [c] [iii]).
 Lastly, the transcript from plaintiff's examination pursuant to General Municipal Law § 50-h, which plaintiff submitted in opposition to the motion, supports the inference that plaintiff had multiple conversations with the Supervisor and the Town Attorney, giving them ample opportunity to withdraw the allegedly unlawful directive (*see* Civil Service Law § 75-b [2] [b]), before disclosing that directive to the Town Councilman (*see generally Leon*, 84 NY2d at 87-88).

Entered:  August 8, 2014                          Frances E. Cafarell
                                                  Clerk of the Court