Carter v Incorporated Vil. of Ocean Beach (2019 NY Slip Op 03725)





Carter v Incorporated Vil. of Ocean Beach


2019 NY Slip Op 03725


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

527565

[*1]EDWARD CARTER et al., Appellants,
v
INCORPORATED VILLAGE OF OCEAN BEACH et al., Respondents, et al., Defendants.

Calendar Date: March 18, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Wigdor LLP, New York City (Michael J. Willemin of counsel), for appellants.
Gallagher, Walker, Bianco & Plastaras, LLP, Mineola (Dominic P. Bianco of counsel), for respondents.



MEMORANDUM AND ORDER
Devine, J.
Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Santorelli, J.), entered January 30, 2018 in Suffolk County, which, among other things, partially granted a motion by defendants Incorporated Village of Ocean Beach and Ocean Beach Police Department for summary judgment dismissing the complaint against them.
Plaintiffs worked for defendant Incorporated Village of Ocean Beach as seasonal part-time police officers in defendant Ocean Beach Police Department (hereinafter OBPD). They were advised that they would not be returning to that role in 2006. Plaintiffs contend that this was done in retaliation for their complaints regarding the misconduct of other police officers and improper policing practices, and they commenced a federal action against the Village, OBPD and others in 2007. When that action was dismissed, plaintiffs commenced the present action in 2010. Plaintiffs sought to recover upon the bases that, as is relevant here, they were terminated in violation of Civil Service Law § 75-b and that individuals employed by the Village and OBPD subsequently defamed them on the Internet. Following joinder of issue and extensive discovery, Supreme Court partially granted the motion of the Village and OPBD for summary judgment dismissing the claims against them. Supreme Court specifically determined that plaintiffs Kevin Lamm, Edward Carter and Thomas Snyder had not made the disclosures to a governmental body needed for a whistleblower claim under Civil Service Law § 75-b, and that the Village and OBPD could not be held liable for defamatory statements made by their employees in a personal capacity. Plaintiffs now appeal.
We affirm. Civil Service Law § 75-b "prevents a public employer from, inter alia, terminating a public employee 'because the employee discloses to a governmental body information . . . which the employee reasonably believes to be true and reasonably believes [*2]constitutes an improper governmental action'" (Zielonka v Town of Sardinia, 120 AD3d 925, 926 [2014], quoting Civil Service Law § 75-b [2] [a]; see Hastie v State Univ. of N.Y. [SUNY] Coll. of Agric. & Tech. at Morrisville, 74 AD3d 1547, 1547 [2010], lv denied 16 NY3d 701 [2011]). During the period at issue, a disclosing employee was also obliged to make "a good faith effort [before disclosure] to provide the appointing authority or his or her designee the information . . . [in order to] provide the appointing authority or designee a reasonable time to take appropriate action unless there is imminent and serious danger to public health or safety" (Civil Service Law § 75-b [2] [former (b)], as repealed by L 2015, ch 585, § 2; Tipaldo v Lynn, 26 NY3d 204, 211 [2015]; Brohman v New York Convention Ctr. Operating Corp., 293 AD2d 299, 299 [2002]).
Lamm, Carter and Snyder represented that almost all of their complaints about the numerous alleged improprieties were made to the then chief of OBPD, Edward Paradiso, and to the acting chief of OBPD, defendant George B. Hesse, and defendants do not dispute that Paradiso and Hesse had "power of appointment to subordinate positions" in the OBPD sufficient to render them appointing authorities or designees thereof (Civil Service Law § 2 [9]). That said, the vast majority of those complaints were made to Hesse and there was little, if any, effort by Lamm, Carter and Snyder to alert Paradiso to the scope of the problem or to report their complaints to another government official or body capable of addressing their concerns. Inasmuch as their own accounts portray Hesse as a primary source of the inappropriate conduct at OBPD, we agree with Supreme Court that they were obliged to report their complaints to another government authority. Accordingly, even when viewed in the light most favorable to plaintiffs as the nonmoving parties (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]), the proof reveals that Lamm, Carter and Snyder "did not make the notification efforts which are a procedural prerequisite to invoke the protections of" Civil Service Law § 75-b (Hastie v State Univ. of N.Y. [SUNY] Coll. of Agric. & Tech. at Morrisville, 74 AD3d at 1548; see Bal v City of New York, 266 AD2d 79, 79 [1999]). It follows that their claim under that statute was properly dismissed.
Plaintiffs' defamation claim relates to pseudonymous blog forum entries allegedly made by Hesse and two of their former OBPD coworkers, defendants Tyree Bacon and Patrick John Cherry. Hesse and Cherry acknowledged posting to the blog in their individual capacities, but Hesse had cautioned Cherry and other OBPD officers not to do so. It is unclear what work-related purpose the postings would serve, as the Village and OBPD produced a job description for police officers that does not require officers to engage with the public on the Internet, let alone to hide in the shadows and defame former colleagues there. The foregoing demonstrates that any defamatory postings by OBPD officers were not made in the scope of their employment and, as plaintiffs failed to raise a material question of fact on that point, Supreme Court properly granted summary judgment dismissing the defamation claim as to the Village and OBPD (see Calafiore v Penna, 289 AD2d 359, 359-360 [2001], lv denied 97 NY2d 612 [2002]; Radvany v Jones, 184 AD2d 349, 350 [1992]).
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.