■ In the Matter of CHARLES RAY, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTION, Respondent. [622 NYS2d 40] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about February 24, 1994, which denied petitioner's application pursuant to CPLR article 78 seeking payment by respondent for out-of-title work, and dismissed the proceedings, unanimously affirmed, without costs.

The application was properly denied, respondent's inadvertent default notwithstanding, on the ground that petitioner failed to exhaust the administrative remedies set forth in the collective bargaining agreement *(Matter of Plummer v Klepak,* 48 NY2d 486). That this was the inexcusable fault of his union does not alter the situation.

Petitioner's argument that the exhaustion doctrine does not apply because the agreement does not cover out-of-title work *(Matter of Dombroski v Bloom,* 170 AD2d 805), is belied by the agreement itself. Petitioner argues that even if the agreement

does cover out-of-title work he also has a right to payment under Labor Law § 220, but we reject his analogy to the exception to the exhaustion doctrine enjoyed by seamen and based on reasons unique to the maritime industry *(see, Lamont v United States,* 613 F Supp 588). Concur—Ellerin, J. P., Kupferman, Asch, Nardelli and Williams, JJ.