■ STATE OF NEW YORK ex rel. JAMAICA HOSPITAL MEDICAL CENTER, INC., et al., Appellants, v UNITEDHEALTH GROUP, INC., et al., Respondents. [922 NYS2d 342]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered April 14, 2010, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Judicial Hearing Officer, entered April 7, 2010, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court lacked subject matter jurisdiction over this action because plaintiffs' allegations that defendant health insurance providers and related entities wrongfully underpaid them are derived from and substantially similar to allegations publicly disclosed in numerous lawsuits (see former State Finance Law

§ 190 [9] [b] [as amended by L 2010, ch 379, § 8]). "When the material elements of a fraud are already in the public domain, the government has no need for a relator to bring the matter to its attention" (*United States ex rel. Ondis v City of Woonsocket*, 587 F3d 49, 58 [1st Cir 2009]; *Glaser v Wound Care Consultants, Inc.*, 570 F3d 907, 915 [7th Cir 2009]).

Moreover, plaintiffs are not the original sources of the information on which their allegations are based (*see* former State Finance Law § 190 [9] [b] [as amended by L 2010, ch 379, § 8]). Plaintiffs do not allege that they had direct and independent knowledge of the information on which the allegations are based or that they voluntarily provided this information to the government before filing their suit, and they cannot demonstrate that they either directly or indirectly provided the information to the source that publicly disclosed it (*see United States v New York Med. Coll.*, 252 F3d 118, 120 [2d Cir 2001] [citing Federal False Claims Act on which New York statute is modeled]).

In light of the foregoing, we need not reach the issue whether the complaint states a cause of action. Concur—Saxe, J.P., Friedman, Freedman and Richter, JJ.