■ JUSTINE SANTIAGO, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [10 NYS3d 873]—Orders, Supreme Court, New York County (Margaret A. Chan, J.),

entered August 19, 2013, which granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.

The court correctly dismissed the complaint as against defendant New York City Department of Education (DOE), because plaintiff failed to exhaust the administrative remedies set forth in the collective bargaining agreement (*see Matter of Plummer v Klepak*, 48 NY2d 486, 489 [1979], *cert denied* 445 US 952 [1980]; *Matter of Ray v New York City Dept. of Correction*, 212 AD2d 387, 387 [1st Dept 1995], *lv denied* 85 NY2d 810 [1995]). Plaintiff was not excused from this requirement by simply alleging that the union had mishandled her grievance, because she could have instituted the grievance procedure herself, yet she failed to do so. This is not a case where the union had sole, exclusive authority over the grievance process (*see Matter of Lewis v Klepak*, 65 AD2d 637, 638 [3d Dept 1978], *lv denied* 46 NY2d 711 [1979]).

Defendant the City of New York is not a proper party to this action, as it cannot be held liable for the DOE's alleged wrongdoings (*see Perez v City of New York*, 41 AD3d 378, 379 [1st Dept 2007], *lv denied* 10 NY3d 708 [2008]).

Plaintiff's claim against the union was not brought within the applicable four-month statute of limitations (*see* CPLR 217 [2] [a]). The statute of limitations was not tolled under CPLR 205 (a), because the initial federal action, which was dismissed for lack of subject matter jurisdiction, was itself untimely. Moreover, plaintiff was not entitled to the 30-day toll created by the application of Education Law § 3813 (1) and CPLR 204 (a), because the union is not an entity covered by Education Law § 3813 (1). Concur—Mazzarelli, J.P., Friedman, Richter, Manzanet-Daniels and Gische, JJ.