R.K. v City of New York (2021 NY Slip Op 07092)





R.K. v City of New York


2021 NY Slip Op 07092


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021

Before: Renwick, J.P., Oing, Singh, Scarpulla, Pitt, JJ. 


Index No. 159503/15 Appeal No. 14894 Case No. 2020-04045 

[*1]R.K., an Infant by his Father and Natural Guardian, Fatmir K., et al., Plaintiffs-Appellants,
v
The City of New York et al., Defendants-Respondents, Diane Gallagher et al., Defendants-Appellants.


Arye, Lustig & Sassower, P.C., New York (Mitchell J. Sassower of counsel), for R.K and Fatmir K., appellants.
Harris Law, New York (Matthew Gaisi of counsel), for Diane Gallagher, appellant.
MarksDiPalermo PLLC, New York (Joan L. Fiden of counsel), for Lloyd Polanish, appellant.
Georgia M. Pestana, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondents.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered October 6, 2020, which granted the motion of defendants the City of New York and New York City Department of Education (DOE) (together, the municipal defendants) for dismissal of the complaint and all cross claims as against the City and for summary judgment dismissing the complaint and all cross claims as against the DOE, unanimously affirmed, without costs.
This action arises out of injuries allegedly sustained by the infant plaintiff during an afterschool program at a New York City public school. Defendants Diane Gallagher and Lloyd Polanish, both teachers at the school, created the program, called "Mind, Body & Sport" (MBS). In approving the permit to operate the program, the school's principal overlooked a number of errors contained therein. Nor did the principal verify that MBS was duly insured prior to approving the permit. A flyer advertising MBS was sent home with the infant plaintiff, as well as other students; the flyer did not contain the language required by either MBS's permit or current Chancellor's Regulation D-180 §§ IV(D)(2) disclaiming that MBS was either sponsored or endorsed by the DOE or the City. After the infant plaintiff was injured while participating in MBS, he and his father, suing derivatively, commenced this action against the City and the DOE, and later amended their complaint to add Gallagher and Polanish as defendants.
The motion court properly dismissed the action as against the City. Plaintiffs abandoned their claims, and Gallagher and Polanish abandoned their cross claims, against the City by failing to oppose that branch of the municipal defendants' motion seeking to dismiss the action as against the City and by failing to address the City's arguments in their principal briefs (see Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]). In any event, the City is a separate legal entity from the DOE and may not be held liable for the DOE's torts (see Santiago v New York City Dept. of Educ., 130 AD3d 428, 429 [1st Dept 2015]).
The DOE established its entitlement to summary judgment dismissing the complaint as against it. The school principal's granting of a permit for MBS to operate on school grounds was a discretionary action taken during the performance of a governmental function, and thus, the DOE was shielded from liability by the doctrine of governmental immunity (see Valdez v City of New York, 18 NY3d 69, 76 [2011]; Applewhite v Accuhealth, Inc., 21 NY3d 420, 425-426 [2013]; Miller v State of New York, 125 AD2d 853, 854 [3d Dept 1986], lv denied 69 NY2d 608 [1987]). Plaintiffs have failed to establish that the DOE owed the infant plaintiff a special duty that would render the DOE liable to plaintiffs for negligent acts (see O'Connor v City of New York, 58 NY2d 184, 189 [1983]; Applewhite, 21 NY3d at 426). Likewise, as to the MBS flyer, the DOE cannot be held liable through the doctrine of apparent authority for issuance [*2]of the flyer without the required disclaimer. As with the approval of the permit, the school principal's approval of the MBS flyer involved the exercise of her reasoned judgment and discretionary authority, thus entitling DOE to governmental function immunity (Valdez, 18 NY3d at 76).
The DOE also cannot be held liable for negligently supervising Polanish and Gallagher's conduct during the MBS program. That the DOE permitted MBS to run as an afterschool program on school grounds does not provide a basis for holding the DOE liable, since "[a] defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others, even where as a practical matter defendant can exercise such control" (Jonathan A. v Bd. of Educ. of City of New York, 8 AD3d 80, 81 [1st Dept 2004] [citations omitted]).
We reject Gallagher's argument that because of the municipal defendants' conduct in litigating this action, they are therefore estopped from denying their vicarious liability for her or Polanish's negligence, since no party has shown that they relied on the municipal defendants' conduct to its detriment (Delacruz v Metropolitan Transp. Auth., 45 AD3d 482, 482-483 [1st Dept 2007]).
In light of our determination, we need not reach the parties' remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2021