**Williams v NYC DSS-HRA**

2025 NY Slip Op 32320(U)

July 1, 2025

Supreme Court, New York County

Docket Number: Index No. 101114/2024

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO**
_Justice_

PART **05M**

------------------------------------------------------------------------------X

ARLEEN WILLIAMS, JUSTINE HUANG,

Plaintiff,

- v -

NYC DSS-HRA,

Defendant.

------------------------------------------------------------------------------X

INDEX NO. 101114/2024

MOTION DATE N/A

MOTION SEQ. NO. 005

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 32, 33, 34, 35, 36, 37, 38, 44, 59, 60, 61, 62, 63, 64, 65, 66

were read on this motion for DISMISSAL .

Defendant New York City Department of Social Services-Human Resources Administration ("NYC DSS-HRA" or "Defendant") moves, pursuant to CPLR § 3211(a)(7), for an order dismissing in its entirety the Second Amended Complaint filed by Plaintiffs Arleen Williams ("Williams") and Justine Huang ("Huang")(collectively, "Plaintiffs"), both of whom are employed by the Defendant agency. In particular, Defendant contends that: Plaintiffs' Penal Law claims (for alleged unauthorized computer access) are foreclosed because Penal Law §§ 156.05 and 156.10 create no private right of action; Plaintiffs' fraud-in-the-inducement claim is insufficiently pleaded under CPLR § 3016(b); the out-of-title wage claim must be dismissed for failure to exhaust the exclusive union grievance procedures; Plaintiffs' New York City Human Rights Law ("NYCHRL") claims for retaliation and hostile work environment are not supported by protected activity or adverse actions; the purported whistleblower claims under City Admin. Code § 12-113 (and related executive orders) provide no private remedy; any claim for an employee medical report under Civil Service Law § 72 fails as a matter of law; and finally, the Human Resources Administration ("HRA") is not a suable entity. Plaintiffs oppose, but their allegations and arguments do not cure the foregoing defects.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Williams and Huang were hired into the Paralegal Aide I title in the HRA's Office of Liens and Trusts, Estate Recovery Unit (sometimes "OLT"). Williams has served in that title since January 23, 2023, and Huang since March 31, 2024. Both hires were competitive civil service appointments, and Plaintiffs allege that during their interviews they were given promises about future salary increases and promotions (e.g. retroactive raises or quick promotion to Paralegal Aide II). After hiring, Plaintiffs claim they performed out-of-title managerial-level duties, endured deficient training and supervision, and complained internally and to outside investigators about alleged misconduct (including $1.5 million in Medicaid fraud by HRA employees). Plaintiffs

101114/2024 WILLIAMS, ARLEEN vs. NYC DSS-HRA S/H/A NYC HRA ESTATES, LIENS AND RECOVERY, AND ITS OFFICER(S), AGENT(S), SERVANTS AND EMPLOYEE(S)
Motion No. 005

Page 1 of 9

1 of 9

allege that they were thereafter subject to various adverse actions (poor evaluations, discipline, invasive medical exam referral, computer access denials) as retaliation for their complaints.

Plaintiffs commenced this action asserting multiple claims against NYC DSS-HRA and its employees arising out of their employment. Plaintiffs allege that they were fraudulently induced into employment, subjected to unlawful retaliation for whistleblowing activity, denied appropriate compensation for alleged out-of-title work, subjected to a hostile work environment, and suffered breaches of computer privacy and confidentiality. They further claim that Defendant failed to provide Williams' medical evaluation reports and seek relief under several provisions, including Penal Law §§ 156.05 and 156.10, the NYCHRL, New York City Administrative Code § 12-113, and Civil Service Law § 72.

In response, Defendant now moves to dismiss the complaint in its entirety on the grounds that Plaintiffs have failed to state a cognizable claim under any of the asserted theories.

## ARGUMENTS

Plaintiffs' complaint seeks unspecified damages (including nearly two years of back pay for out-of-title work) and injunctive relief. Plaintiffs assert that HRA and its employees violated criminal computer-trespass laws (Penal Law §§ 156.05, 156.10), engaged in fraudulent misrepresentations during hiring, retaliated against Plaintiffs under the NYCHRL, and violated the City's whistleblower statute (Admin. Code § 12-113) and Civil Service Law § 72.

In support of the instant motion, Defendant argues that each claim fails as a matter of law. First, Defendant points out that New York penal statutes generally do not create private remedies, and courts have held that §§ 156.05 and 156.10 carry no private right.

Second, Defendant contends that Plaintiffs' fraud claim must be dismissed because CPLR § 3016(b) requires detailed factual pleading of the time, place, and content of any misrepresentation, which Plaintiffs do not allege.

Third, Defendant argues that Plaintiffs' claim for out-of-title pay is precluded by the exclusive collective bargaining grievance process; Plaintiffs have not alleged that they exhausted those procedures.

Fourth and Fifth, with regard to the NYCHRL claims, Defendant maintains that (a) Plaintiffs did not engage in any "protected activity" under the Human Rights Law – complaining about alleged Medicaid fraud is not opposing unlawful employment discrimination – and (b) Plaintiffs allege no adverse actions "reasonably likely to deter" an employee from protected activity, nor any causal connection. For example, routine performance evaluations and the referred medical exam do not constitute adverse actions under applicable cases.

Sixth, Defendant observes that Admin. Code § 12-113 contains its own complaint procedure and explicitly does not provide a private judicial remedy; because Plaintiffs admittedly only reported complaints to the Department of Investigation (not to any City official as required by § 12-113(a)(6) or Mayor's Order No. 16), they cannot invoke the statute.

**101114/2024 WILLIAMS, ARLEEN vs. NYC DSS-HRA S/H/A NYC HRA ESTATES, LIENS AND RECOVERY, AND ITS OFFICER(S), AGENT(S), SERVANTS AND EMPLOYEE(S) Motion No. 005**

**Page 2 of 9**

2 of 9

[* 2]

Finally, Defendant notes that, under NYC Charter § 396, only the City itself (not an agency) may be sued, and recent decisions confirm that HRA has no legal capacity to be a defendant.

Plaintiffs dispute these arguments, but crucially do not cure the pleading defects identified by Defendant's authorities. For example, they do not contest that §§ 156.05/156.10 carry no private remedy. They urge that their fraud claim is supported by allegations of false promises, but do not respond to the lack of specifics or justifiable reliance. They assert retaliation generally but fail to squarely address the lack of protected activity or adverse action as defined by the NYCHRL precedent. Because the law cited by Defendant controls, dismissal is appropriate.

## DISCUSSION

On a motion to dismiss for failure to state a cause of action under CPLR § 3211(a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference (*Leon v Martinez*, 84 NY2d 83, 87 [1994*]; JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, *supra*).

However, where the complaint consists of bare legal conclusions with no factual specificity (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]), or where the statements in a pleading are not sufficiently particular to give the court and parties notice of the transactions and/or occurrences intended to be proven (CPLR § 3013; *Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]), the motion to dismiss should be granted. Indeed, "[a]llegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007], *quoting Maas v Cornell Univ*., 94 NY2d 87, 91 [1999]).

CPLR § 3013 provides that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Thus, conclusory allegations will not suffice (*see DiMauro v Metropolitan Suburban Bus Auth*., 105 AD2d 236, 239 [2d Dept 1984]; *Fowler v American Lawyer Media*, 306 AD2d 113, 113 [1st Dept 2003]; *Sheriff v Murray*, 33 AD3d 688 [2d Dept 2006]).

When the allegations in a complaint are vague or conclusory, dismissal for failure to state a cause of action is warranted (*see Schuckman Realty v Marine Midland Bank, N.A*., 244 AD2d 400, 401 [2d Dept 1997]; *O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn*., 95 AD2d 800, 800 [2d Dept 1983]).

### I.       Claims Under the Penal Law (§§ 156.05 and 156.10)

**101114/2024   WILLIAMS, ARLEEN vs. NYC DSS-HRA S/H/A NYC HRA ESTATES, LIENS AND RECOVERY, AND ITS OFFICER(S), AGENT(S), SERVANTS AND EMPLOYEE(S) Motion No.  005**                                                           **Page 3 of 9**

[* 3]

3 of 9

Here, Plaintiffs allege unauthorized access to their computer systems. Such allegations that HRA employees "accessed" their computers invoke Penal Law §§ 156.05 and 156.10 (computer trespass offenses). However, those sections are criminal statutes; neither creates a private cause of action by its terms. New York courts have consistently held that the Legislature did not intend to create a private right of action under Penal Law § 156.05 and § 156.10 (*see e.g. Krauter & Co. v. Nicholas Ross & Alwex Inc.*, 2019 WL 120609, at *10 [Sup. Ct. N.Y. Cty 2019][dismissing claims under Sections 156.05 and 156.10 because "there is no private right of action under New York Penal Law § 156"]). Indeed, it is "rare" for a criminal statute to provide a civil remedy. Here, Defendant is not a criminal defendant but a governmental agency, and Plaintiffs cite no authority holding that §§ 156.05 or 156.10 authorize a civil suit. This compels the clear conclusion that the Legislature did not intend for these provisions to be privately enforceable through civil litigation. Accordingly, these claims are hereby dismissed.

## II.    Fraudulent Inducement

To plead fraudulent inducement, Plaintiffs must allege (1) a material misrepresentation of present fact, made with knowledge of its falsity, (2) intent to induce justifiable reliance, and (3) resulting damages (*see Metro. Bridge & Scaffolding Corp. v. New York City Hous. Auth.*, 2016 NY Slip Op 31632[U], ¶ 7 [Sup. Ct. N.Y. Cty 2016]). CPLR § 3016(b) requires that the "circumstances constituting the alleged wrong must be stated in detail."

Plaintiffs here allege only that certain interview statements were made (e.g. promises of salary increases or "quick" promotion), without any particulars. The complaint fails to specify when and where the statements occurred, what exactly was said, and what was false about them. Plaintiffs do not allege that any such representations were in writing or supported by objective guarantees, nor do they allege that they undertook any independent investigation before accepting the job. In these circumstances, the allegations are too vague to reasonably infer any false representation.

Moreover, Plaintiffs have not alleged that they justifiably relied to their detriment. Even assuming the interview comments could be construed as promises, civil service employment terms are governed by collective bargaining agreements, and salary adjustments are not within an individual supervisor's sole discretion. Plaintiffs do not contend they made any inquiry into the legality of the promises, or that they asked for them in writing, which would be the hallmark of justifiable reliance. Case law holds that where a plaintiff has the means to determine the truth by ordinary diligence (e.g. by reference to a union contract or written offer), failure to investigate is fatal to a fraud claim (*see e.g., Representaciones E Investigaciones Medicas, S.A. De C.V. v. Abdala*, 2017 NY Slip Op 31619[U], ¶¶ 6-7 [Sup. Ct. N.Y. Cty 2017][court found justifiable reliance, as [plaintiff] met with management, submitted over 500 due diligence requests, and spent two days at Rimsa's plant going over books and records]). Here Plaintiffs admit no independent inquiry or reliance were shown. Finally, no actual pecuniary loss is pleaded — a fraud-in-the-inducement claim requires proof of a specific monetary injury. The complaint's general references to diminished "future earning capacity" are conclusory (*Genger v. Genger*, 144 AD3d 581 [1st Dept 2016]["To state a claim for fraudulent inducement, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce

101114/2024    WILLIAMS, ARLEEN vs. NYC DSS-HRA S/H/A NYC HRA ESTATES, LIENS AND            Page 4 of 9
RECOVERY, AND ITS OFFICER(S), AGENT(S), SERVANTS AND EMPLOYEE(S)
Motion No.  005

[* 4]

4 of 9

that party to act on it, resulting in injury"]). For all these reasons, the fraud claim does not satisfy CPLR § 3016(b) and must be dismissed.

In sum, Plaintiffs' fraud allegations are not pleaded with the particularity required by CPLR § 3016(b). They fail to identify specific, material misstatements made with scienter, and do not plausibly plead justifiable reliance or resulting injury. A vague assertion that Plaintiffs believed they would receive promotions or pay increases does not suffice to sustain a fraud claim.

### III.  Out-of-Title Work Claims

Plaintiffs allege entitlement to back pay for performing out-of-title duties. But under New York law, such disputes are governed by the parties' collective bargaining agreement and resolved through its grievance/arbitration process. Here, Plaintiffs are members of DC 37 Local 1549, and their contract defines "grievance" for out-of-title work. Article VI of the contract provides that the grievance/arbitration procedure is the "exclusive remedy" for such claims. New York courts have repeatedly dismissed out-of-title pay claims when plaintiffs fail to use the mandatory grievance process (*see e.g., Matter of Ray v New York City Dept. of Correction*, 212 AD2d 387, 387 [1st Dept 1995]). Plaintiffs here do not allege that they initiated or exhausted any such procedure.

At oral argument before the Court on July 1, 2025, the substance of which is incorporated by reference, Plaintiffs both mentioned that they have, in fact, initiated grievances but conceded that the grievance process has not concluded. As such, Plaintiffs have failed to plead that they exhausted their administrative remedies set forth in their union's collective bargaining agreement. Absent such exhaustion, the claims are foreclosed as a matter of law. Accordingly, Plaintiffs' out-of-title compensation claims are dismissed.

### IV.  Retaliation

Plaintiffs assert retaliation and hostile-environment claims under the NYCHRL (Admin. Code § 8-107[7]). To prevail on a NYCHRL retaliation claim, a plaintiff must plead (1) engagement in protected activity, (2) employer's knowledge of that activity, (3) an adverse employment action disadvantaging the employee, and (4) a causal connection between the protected activity and the adverse action (*see Fletcher v. The Dakota, Inc*., 99 AD3d 43, 269 [1st Dept 2012]). "Protected activity" under the NYCHRL is defined as opposing unlawful discrimination or harassment, not general misconduct or fraud. Indeed, complaints about allegedly illegal conduct (unrelated to discrimination) are not protected under § 8-107(7).

Here, Plaintiffs only alleged "protected activity" is notifying the Department of Investigation or other agencies of Medicaid fraud and similar misconduct by coworkers. Such complaints plainly do not involve complaints of unlawful discrimination against a protected class, nor would a reasonable person have thought they did. As this court and others have held, testifying about or reporting criminal wrongdoing in the workplace (e.g. a grand jury testimony about a councilperson's criminal acts) is not activity protected by the NYCHRL (*see Clarson v. City of Long Beach*, 132 AD3d 799, 800 [2d Dept 2015]). Likewise, a complaint about a performance management system was found not protected (*Adeniji v. the City of New York*, 2024 NY Slip Op 34232(U), ¶ 18 [Sup. Ct. N.Y. Cty 2024][court found that plaintiff's complaint about the

**101114/2024  WILLIAMS, ARLEEN vs. NYC DSS-HRA S/H/A NYC HRA ESTATES, LIENS AND**  **Page 5 of 9**
**RECOVERY, AND ITS OFFICER(S), AGENT(S), SERVANTS AND EMPLOYEE(S)**
**Motion No.  005**

5 of 9

[* 5]

COMPSTAT performance management system putting pressure on the officers to increase their numbers, was not a protected activity]). Plaintiffs do not allege any protected characteristic or discrimination; their complaints were about financial fraud and mismanagement, not discrimination based on any protected status. Therefore, the first element of a NYCHRL retaliation claim is missing.

Even if some technical protected activity were inferred, Plaintiffs' allegations do not establish any adverse action "reasonably likely to deter" protected activity. None of the actions Plaintiffs describe — poor performance evaluations, disciplinary proceedings without suspension or demotion, and referral for a medical exam — constitute adverse actions in the NYCHRL sense absent tangible job consequences. In *Mejia v. Roosevelt Island Medical Associates*, 95 AD3d 570 (1st Dept 2012), for example, an employer's alleged assignment to physician of more difficult patient cases, often at inconvenient times, were merely alterations of physician's responsibilities, and not adverse employment action required to establish claim for age-based employment discrimination, where assignments were not accompanied by any reduction in pay or rank.. Here Plaintiffs do not allege any suspension, demotion, reduction in pay, or termination; at most, they allege heightened scrutiny and normal disciplinary procedures. Likewise, Williams's referral for a Section 72 medical evaluation is not, without more, an adverse action (*Carrington v. City of New York Human Resources Administration*, 84 Misc.3d 1238[A][Sup. Ct. N.Y. Cty 2024]). Indeed, HRA's referral was accompanied by a detailed notice citing numerous performance issues dating from April 2023, demonstrating a legitimate reason for the evaluation. In any event, Plaintiffs' allegation that their computers were briefly locked or accessed is speculative and minor; courts do not consider minor technical problems alone to be "reasonably likely to deter" a person from complaining of discrimination (*see Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 [2d Cir. 2013]).

Finally, Plaintiffs have failed to allege a causal connection. The only concrete adverse action close in time is Williams's medical exam referral in January 2025, which occurred over seven months after the May 2024 Department of Investigation complaint. The Appellate Division, First Department, has explicitly held that a gap of more than a few months is too long to infer causation (*see Matter of Parris v. New York City Dept. of Educ.*, 111 AD3d 528, 529 [1st Dept 2013]["five months is not sufficient to establish the requisite causal connection"]; *Baldwin v. Cablevision Sys. Corp.*, 65 AD3d 961, 967 [1st Dept 2009][plaintiff's allegation that January 2004 performance evaluation was in retaliation for protected activity in September 2003 insufficient to establish causal connection]; *Matter of Amanwah v. Department of Education of the City of New York*, 191 AD3d 420, 420 [1st Dept 2021]["The approximate two-year gap between the alleged protected activity and any adverse action by respondents is too remote to warrant an inference of causal connection"]).

Moreover, Plaintiffs' allegation that they have carried an increased workload and out-of-title duties "since the start of their employment" breaks the causal link altogether. A continuing course of conduct that predates any protected activity cannot be retaliation. In sum, the NYCHRL retaliation claim is deficient on all required fronts.

Plaintiffs also attempt to plead a hostile work environment under the NYCHRL, but this claim fares no better. A NYCHRL hostile-environment claim requires unequal treatment on

**101114/2024   WILLIAMS, ARLEEN vs. NYC DSS-HRA S/H/A NYC HRA ESTATES, LIENS AND RECOVERY, AND ITS OFFICER(S), AGENT(S), SERVANTS AND EMPLOYEE(S) Motion No.  005**

**Page 6 of 9**

6 of 9

[* 6]

account of a protected characteristic (i.e. actual bias)]; *see Massaro v Department of Educ. of the City of N.Y.*, 121 AD3d 569, 570 [1st Dept 2014]). Plaintiffs' allegations — that they were not properly trained, not given building access, assigned heavy caseloads and an alleged stalker co-worker — do not include any racial, gender, or other protected animus. They do not allege that any supervisor treated them worse *because* of a protected status. Indeed, they rely entirely on workplace frustration and inter-personal issues, not discrimination. Courts have uniformly dismissed NYCHRL hostile-environment claims where no protected-class nexus is pleaded (*see e.g.*, *Zabar v N.Y. City Dep't of Educ.*, 18 Civ. 6657, 2020 U.S. Dist. LEXIS 83840, at *14 [SDNY May 12, 2020][dismissing hostile work environment claims where plaintiff failed to link the alleged misconduct to protected class]). Because Plaintiffs fail to allege any facts showing discrimination, their hostile work environment claim must be dismissed as well.

## V. Whistleblower Claims Under NYC Admin. Code § 12-113

Plaintiffs invoke the City's whistleblower statute (NYC Admin. Code § 12-113) which prohibits retaliatory adverse actions against employees for reporting corruption. However, even if the factual allegations could fit within that statute, Plaintiffs do not allege compliance with its reporting prerequisites. Section 12-113 requires that an employee report corruption to specified officials (the Department of Investigation Commissioner, Mayor, Council, Comptroller, etc., or a "superior officer" designated by the agency head). Plaintiffs claim only that they reported to the Department of Investigation (or other investigative agencies); they do not allege that they reported to any covered official or superior. New York courts hold that failure to report to the designated officials means the statute's protection cannot be invoked. For example, in *McDonnell v. Lancaster*, 13 Misc.3d 959 (Sup. Ct. N.Y. Cty 2006), a petitioner's whistleblower claim was dismissed where he had not reported coworker misconduct to any government body authorized by the statute. Similarly, *Matter of Thomas v. Condon*, 117 AD3d 641 (1st Dept 2014) reaffirmed that a whistleblower complaint is invalid absent compliance with § 12-113(a)(6)'s reporting requirement. Here, Plaintiffs have never pleaded that they gave notice of alleged corruption to the Department of Investigation Commissioner or any other covered person.

Moreover, even assuming arguendo that Plaintiffs satisfied the reporting requirement, § 12-113 contains no private cause of action. The City's own law explicitly channels enforcement to administrative bodies and internal processes; there is no provision empowering individual employees to sue in court. As the federal court in *Fabbricante v. City of New York*, 2002 U.S. Dist. LEXIS 27815, at *37-38 (E.D.N.Y. Nov. 12, 2002) observed, language in § 12-113(e) merely preserves other administrative remedies, and does not create a judicial remedy. Likewise, courts have held that retaliation claims under § 12-113 cannot be litigated in court; even a story of demotion and harassment was dismissed for that reason (*Healy v. City of N.Y. Dep't of Sanitation*, 2006 U.S. Dist. LEXIS 86344, at *20 [S.D.N.Y. Nov. 22, 2006]).

Similarly, Mayor's Executive Order No. 16 ("EO16" a City whistleblower policy) provides no private remedy. Indeed, the Appellate Division, First Department, held in *Delgado v New York City Hous. Auth.,* 66 AD3d 607, 608 (1st Dept 2009) that EO16 does not confer a right to sue. Plaintiffs cite none of these authorities and offer no statutory basis for a right of action under § 12-113 or EO16. In the absence of any legally cognizable relief, Plaintiffs' "whistleblower" claims under City law must be dismissed.

**101114/2024   WILLIAMS, ARLEEN vs. NYC DSS-HRA S/H/A NYC HRA ESTATES, LIENS AND**          **Page 7 of 9**
**RECOVERY, AND ITS OFFICER(S), AGENT(S), SERVANTS AND EMPLOYEE(S)**
**Motion No.  005**

7 of 9

At oral argument before the Court on July 1, 2025—the substance of which is incorporated herein by reference—Plaintiffs, for the first time, contended that the whistleblower protections under which their factual allegations are asserted derive from federal, rather than state, law. Notably, Plaintiffs failed to identify which specific federal statutes they believe are implicated by their claims.

Nevertheless, affording the Second Amended Complaint the liberal construction to which it is entitled at this stage, the Court acknowledges that certain federal statutes do provide whistleblower protections in the context of alleged Medicaid fraud. Plaintiffs' Second Amended Complaint includes allegations predicated, at least in part, on $1.5 million in purported Medicaid fraud committed by employees of HRA. One such federal statute relevant to these allegations is the False Claims Act (FCA) (31 U.S.C. § 3729 et seq.), which prohibits the submission of false or fraudulent claims to the government, including those involving Medicaid reimbursements (s*ee State of N.Y. ex rel. Jamaica Hosp. Med. Ctr., Inc. v UnitedHealth Group, Inc.*, 84 AD3d 442 [1st Dept 2011]; *U.S. v New York Medical College*, 252 F3d 118, 120 [2d Cir 2001]).

The FCA contains provisions designed both to incentivize and to protect whistleblowers who report such fraud. It authorizes individuals to initiate actions on behalf of the federal government to recover funds lost due to fraud; such lawsuits are commonly referred to as "qui tam" actions (*see U.S. v New York Medical College*, 252 F3d at 120, *supra*). Under the statute, whistleblowers may be entitled to receive a percentage of the funds recovered by the government. The FCA also prohibits retaliation by employers against whistleblowers, including actions such as termination, demotion, or harassment (*see* 31 U.S.C. § 3730[h]).

However, to qualify for the protections and potential rewards conferred by the FCA, a whistleblower must file a "qui tam" lawsuit and comply with the statutory procedures set forth therein (*U.S. v New York Medical College*, 252 F3d at 120, *supra*). Plaintiffs do not allege that they have filed any such qui tam action, nor do they articulate any other concrete steps they have taken to invoke the protections afforded under the FCA or any other federal statute. In the absence of any particularity regarding the factual basis of Plaintiffs' whistleblower claims, or citation to the specific statutory provisions under which such claims are asserted, dismissal of Plaintiffs' whistleblower claims is warranted and hereby granted.

## VI.     Civil Service Law § 72 Claim

Plaintiffs appear to claim that HRA unlawfully withheld Williams's medical examination report under Civil Service Law § 72, after referring her for a Section 72 fitness-for-duty exam. But Section 72 entitles an employee to a copy of the exam report *only if* the employee is found unfit and then placed on leave under C.S.L. § 77. Here, the complaint states that Williams was found "fit for duty" and never placed on involuntary leave. Thus, the statutory condition for disclosure is not met, and HRA had no obligation under Section 72 to turn over the examiner's report.

Plaintiffs also cite Public Officers Law § 87(2)(g) (FOIL exemption) and other statutes (CPLR § 3126, HIPAA, Public Law § 104-191), but those are inapposite here. In particular, FOIL requires an affirmative request and gives the agency discretion to assert exemptions. Plaintiffs do

**101114/2024   WILLIAMS, ARLEEN vs. NYC DSS-HRA S/H/A NYC HRA ESTATES, LIENS AND RECOVERY, AND ITS OFFICER(S), AGENT(S), SERVANTS AND EMPLOYEE(S) Motion No.  005**

**Page 8 of 9**

8 of 9

[* 8]

not allege they ever made a FOIL request for Williams's exam report or that the agency denied such a request. Indeed, this case is still at the pleading stage, and discovery (including any FOIL process) is stayed pending disposition of the motion. Thus, no basis exists to compel production of any documents at this juncture. In sum, Plaintiffs state no claim under Civil Service Law § 72 or related law.

### VII. HRA as a Suable Entity

Finally, it is undisputed that HRA is an agency of the City of New York. Under NYC Charter § 396, "all actions and proceedings" to enforce any law "shall be brought in the name of the City of New York and not in that of any agency" (unless expressly provided otherwise). Courts routinely dismiss suits against City agencies as lacking legal capacity. For example, in *Jean v. HRA*, No. 24-CV-5401 (LTS), 2024 U.S. Dist. LEXIS 224996, at *5 (S.D.N.Y. Dec. 10, 2024), the district court dismissed claims against HRA because it was not a suable entity, and in *Hill v. N.Y.C. Hum. Res. Admin. Dep't of Soc. Servs*., No. 25-CV-911 (OEM) (PK), 2025 U.S. Dist. LEXIS 66147, at *4 (E.D.N.Y. Apr. 7, 2025) the same conclusion was reached. Here, Plaintiffs have sued "NYC DSS-HRA, s/h/a NYC HRA Estates, Liens and Recovery," which is indisputably an HRA unit. HRA (or DSS/HRA) has no separate corporate existence and cannot be sued independently of the City. Because Plaintiffs do not name the City of New York as a defendant, their entire case against HRA must be dismissed on this ground alone.

In view of the foregoing, the court finds that none of Plaintiffs' claims can survive. The motion to dismiss the Second Amended Complaint is therefore granted in its entirety. Plaintiffs' complaint is dismissed, and the Clerk is directed to enter judgment accordingly.

Accordingly, it is hereby:

ORDERED that Defendant's motion to dismiss the Second Amended Complaint is GRANTED in its entirety; and it is further

ORDERED that the Second Amended Complaint is dismissed with prejudice as against the Defendant NYC DSS-HRA, s/h/a NYC HRA Estates, Liens and Recovery, and its officers, agents, servants, and employees; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the decision and order of the court.

20250701142516HKINGO51C...D129D4D8DB76DBB63A0044540

| | |
|---|---|
| **7/1/2025** | |
| **DATE** | **HASA A. KINGO, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**101114/2024   WILLIAMS, ARLEEN vs. NYC DSS-HRA S/H/A NYC HRA ESTATES, LIENS AND RECOVERY, AND ITS OFFICER(S), AGENT(S), SERVANTS AND EMPLOYEE(S) Motion No.  005**          **Page 9 of 9**

9 of 9

[* 9]